IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WELDON LUCAS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-5169 |
| | : | |
| PHILADELPHIA | : | |
| DEPARTMENT OF PRISONS, *et al*. | : | |
|     Defendants. | : | |

**MEMORANDUM OPINION**

**SCHMEHL, J.  /s/ JLS**                                                                                                       **January 25, 2022**

    Plaintiff Weldon Lucas, an inmate currently confined at Curran-Fromhold Correctional Facility ("CFCF"), filed this action alleging a violation of his civil rights based on events that occurred at CFCF.  Named as Defendants are the Philadelphia Department of Prisons, Correctional Officer Tun, and the Warden of CFCF.  (ECF No. 2.)  He also seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will dismiss Lucas's Complaint in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of subject matter jurisdiction.  Lucas will be granted leave to file an amended complaint as set forth more fully below.

**I.      FACTUAL ALLEGATIONS**[1]

    Lucas alleges that on October 21, 2021, his property was destroyed by significant water damage when a fellow inmate flooded his cell and water seeped into the storage room in which Lucas's property was stored.  (ECF No. 2 at 2-3.)  According to Lucas, Defendant Tun put his

---

[1] The allegations set forth in this Memorandum are taken from Lucas's Complaint and exhibits attached thereto, as well as the public dockets, of which the Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).  The Court adopts the pagination supplied by the CM/ECF docketing system.

property "in storage on the floor and not on the shelf where it should have" been placed. (*Id.* at 3.) Lucas further claims that "the Administration" is responsible as it fails to "see to it that policy is followed." (*Id.*) Attached to the Complaint are copies of grievances that he filed regarding this incident. (*See* ECF No. 2-1 at 1-4.) Lucas avers that "Lt. Murray took pictures of the damage[d] property on November 4, 2021 at 10:50 a.m., but said that [Lucas] couldn't have [it because it is] . . . property [of the Philadelphia Department of Prisons]." (ECF No. 2 at 5.)

Lucas seeks compensation for the loss of his legal and non-legal paperwork, including trial transcripts, letters, and pictures of loved ones that "cannot be replaced." (*Id.*) He also lost "proof" of classes that he completed during his incarceration. (*Id.* at 6.) Lucas alleges that he had approximately 800 to 1,000 pages, or more, of trial transcripts that cost $.60 per page to copy. (*Id.* at 5.) He claims that the paperwork was "from my attorney when my case was over plus a lot of paperwork from my own research." (*Id.* at 6.) Lucas estimates that he paid approximately $5,000 or more for the paperwork from November 2008 until the filing of his Complaint. (*Id.*) A search of publicly available dockets reveals that Lucas has a habeas matter currently pending in this Court. *See Lucas v. The District Attorney of the County of Philadelphia*, Civ. A. No. 21-570 (E.D. Pa. 2021).

## II.   STANDARD OF REVIEW

The Court grants Lucas leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the

---

[2] However, as Lucas is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) ("At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim." (internal quotations omitted)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Lucas is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Id.* (quoting *Mala*, 704 F.3d at 244). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245). Additionally, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III. DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be individually liable for a constitutional violation.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

### A. Claims against Philadelphia Department of Prisons

Lucas's claims of alleged constitutional violations against the Philadelphia Department of Prisons must be dismissed.  As the Third Circuit has held, "the Philadelphia Prison System, [a] department[ ] of the City of Philadelphia itself, [is] not [a] proper defendant[ ]" in an action brought under § 1983.  *Russell v. City of Philadelphia*, 428 F. App'x 174, 177 (3d Cir. 2011) (citing 53 Pa. Con. Stat. Ann. § 16257; *Bey v. City of Philadelphia*, 6 F. Supp. 2d 422, 423 (E.D. Pa. 1998)); *see also Durham v. Philadelphia Prison Sys.*, Civ. A. No. 18-2113, 2018 WL 3105589, at *2 (E.D. Pa. June 25, 2018) (explaining that the "Philadelphia Prison System is not an entity that is subject to suit separate from the City of Philadelphia.") (citing 53 Pa. Cons. Stat. Ann. § 16257).  Because the Philadelphia Department of Prisons is not considered a "person" for purposes of § 1983, *Durham*, 2018 WL 3105589 at *2 (citing *Peele v. Philadelphia Prison Sys.*, Civ. A. No. 12-4877, 2015 WL 1579214, at *2 (E.D. Pa. April 8, 2015)), Lucas's claim against it is dismissed with prejudice.

### B. Claims Based on Loss of Legal Materials

The Court will construe Lucas's allegations regarding the destruction of his legal materials as an attempt to raise a First Amendment access-to-the-courts claim.  However, this claim is not plausible as alleged.  The loss of legal material may constitute a First Amendment

4

claim based on a denial of access to the courts if a prisoner can assert that the loss caused an actual injury. *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (*per curiam*) ("A prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury.") (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)). The right of access to the courts "rest[s] on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). In general, an actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Id.* "[T]he underlying cause of action, . . . is an element that must be described in the complaint." *Id.* Specifically, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Monroe v. Beard*, 536 F.3d 198, 205-06 (3d Cir. 2008) (quoting *Christopher*, 536 U.S. at 416).

Lucas fails to allege that he lost a nonfrivolous and arguable claim as a result of the destruction or loss of his legal materials. Thus, this claim cannot proceed. However, the Court will grant Lucas an opportunity to amend this claim if he can allege that he lost a nonfrivolous and arguable claim as a result of the destruction of his legal materials.

### C. Claims Based on Loss of Non-Legal Materials

Lucas also seeks to bring claims based on the loss of non-legal personal property, including family photos. To the extent that Lucas is asserting a due process claim under the Fourteenth Amendment here, he is entitled to due process of law before the government can deprive him of his "life, liberty, or property." U.S. Const. amend. XIV, § 1, cl. 3. Nonetheless, an individual may not assert a claim under § 1983 for even an intentional deprivation of the

individual's property by a state employee, "if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

Lucas cannot assert a plausible due process claim here because the prison's grievance procedure and Pennsylvania law provide him with an adequate state remedy. *See Shareef v. Moore*, 844 F. App'x 487, 488 (3d Cir. 2021) (*per curiam*) (plaintiff alleging destruction of property by prison officials "received due process because he had access to and took advantage of an adequate postdeprivation remedy – the Pennsylvania [Department of Corrections'] grievance procedure"); *Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) (*per curiam*) ("'[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'" (quoting *Hudson*, 468 U.S. at 533)); *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (*per curiam*) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property).

D.   **Supervisory Liability**

Lucas's claims against the Warden of CFCF appear to be predicated on a theory of supervisory liability. There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be

personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*; *see also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).

Lucas alleges that "the Administration" fails to "see to it that policy is followed." (ECF No. 2 at 3.) This generalized allegation does not sufficiently support an inference that the Warden of CFCF was aware of or acquiesced in constitutional violations committed by her subordinates, or that she maintained policies that caused the claimed constitutional violations. *See Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (*per curiam*) ("Saisi asserted that some defendants were 'in charge of agencies that allowed this to happen,' and that liability stemmed merely from defendants' 'belief' that their conduct would be 'tolerated.' However, a director cannot be held liable 'simply because of his position as the head of the [agency].'" (quoting *Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005)). Accordingly, the Court will dismiss Lucas's claims against the Warden of CFCF.

E.     **State Law Claims**

To the extent that Lucas attempts to assert state law claims based on this incident, because the accompanying Order provides for the dismissal of all federal claims, the Court will not exercise supplemental jurisdiction over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010).  It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, Civ. A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

     Lucas does not allege the citizenship of the parties.  Rather, he provides Pennsylvania addresses for himself and each of the Defendants.  As Lucas and all Defendants are presumably Pennsylvania citizens, complete diversity appears to be lacking.  Thus, Lucas has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.  Moreover, Lucas has not alleged the necessary amount in controversy for bringing diversity jurisdiction claims.  "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Gp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997).  "The sum

8

claimed by the plaintiff controls if the claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted).  Given Lucas's assertion that he paid "$5,000 or more altogether for the paperwork over the last 13 years," the amount in controversy is insufficient to create diversity jurisdiction over his state law claims.  Accordingly, all state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.

## IV. CONCLUSION

As set forth more fully above, Lucas's § 1983 claims against the Philadelphia Department of Prisons and the Due Process claims based on the destruction of his non-legal materials are dismissed with prejudice because he cannot cure the defects in these claims and amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile.").  Additionally, all state law claims are dismissed without prejudice for lack of subject matter jurisdiction.[3]  The First Amendment access-to-the-courts claim is dismissed without prejudice and Lucas will be permitted to file an amended complaint in the event he can cure the defects the Court has identified in that claim.

An appropriate Order follows.

                                                          BY THE COURT:

                                                          /s/ Jeffrey L. Schmehl
                                                          JEFFREY L. SCHMEHL, J.

---

[3] Lucas may also assert his state law claims in an appropriate state court.